**JOHN L. BURRIS, Esq., SBN 69888**
**PATRICK BUELNA, Esq. SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:  (510) 839-5200
Facsimile:  (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CASEY, an individual, | Case No.: 4:18-cv-07731-KAW |
| Plaintiff, | <u>FIRST AMENDED COMPLAINT FOR DAMAGES</u> |
| v. | (42 U.S.C §§ 1983) |
| | (Cal. Penal Code §242) |
| CITY OF SANTA ROSA, a municipal corporation; NICHOLAS VLAHANDREAS, individually and in his official capacity as a police officer for the Santa Rosa Police Department; PARK MCALLISTER, individually and in his official capacity as a police officer for the Santa Rosa Police Department; JASON JUCUTAN, individually and in his official capacity as a police officer for the Santa Rosa Police Department; GREG SCHMIDT, individually and in his official capacity as a police officer for the Santa Rosa Police Department; NICHOLAS LUND, individually and in his official capacity as a police officer for the Santa Rosa Police Department and DOES 1-50, inclusive. | <u>JURY TRIAL DEMANDED</u> |
| Defendants. | |

# INTRODUCTION

1. This action arises out of the excessive force from Santa Rosa Police officers Vlahandreas, McAllister, Jucutan, Schmidt and Lund when they choked and beat Plaintiff Robert Casey on June 1, 2018. Mr. Casey was searching for his lost dog with the help of neighbors when Defendant Santa Rosa police officers held him at gunpoint, jumped on Plaintiff and choked him unconscious and beat him with a baton while he lay unconscious.

2. As a result of the Defendant officers' excessive force, Mr. Casey suffered severe injuries including several bruises and cuts to his body and a concussion.

# JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in the City of SANTA ROSA, Sonoma County, California, which is within this judicial district. Title 28 United State Code Section 1391(b) confers venue upon this Court.

# PARTIES

4. Plaintiff ROBERT CASEY ("Casey") is a competent adult, a resident of SANTA ROSA, CALIFORNIA, and a United States Citizen.

5. Defendant NICHOLAS VLAHANDREAS was and at all times mentioned herein is a police officer for the Santa Rosa Police Department, and is sued in his individual and official capacity.

6. Defendant PARK MCALLISTER was and at all times mentioned herein is a police officer for the Santa Rosa Police Department, and is sued in his individual and official capacity.

7. Defendant JASON JUCUTAN was and at all times mentioned herein is a police officer for the Santa Rosa Police Department, and is sued in his individual and official capacity.

8. Defendant GREG SCHMIDT was and at all times mentioned herein is a police officer for the Santa Rosa Police Department, and is sued in his individual and official capacity.

9. Defendant NICHOLAS LUND was and at all times mentioned herein is a police officer for the Santa Rosa Police Department, and is sued in his individual and official capacity.

10. Defendant CITY OF SANTA ROSA ("hereinafter Defendant") is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California that manages and operates the CITY OF SANTA ROSA POLICE DEPARTMENT.

11. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege his true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

12. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the City of SANTA ROSA.

13. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

14. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

15. Plaintiff filed a timely government claim for their state causes of action, which was rejected in December 2018.

**STATEMENT OF FACTS**

16. On or about June 1, 2018 near 2168 San Antonio Drive and Strawberry Park in Santa Rosa, California, Plaintiff Robert Casey was searching for his runaway dog with the help of a stranger along a trail. Defendant Santa Rosa police officers Vlahandreas, McAllister,

Jucutan, Schmidt and Lund responded. Defendants Schmidt, Jucutan, Lund, McAllister and Vlahandreas rapidly approached Mr. Casey and told Mr. Casey to put his hands up and get on the ground.

17. Defendant Schmidt held Mr. Casey at gun point, despite the fact officers did not have any reasonable suspicion that Mr. Casey had committed, was in progress of committing and/or was intending to commit any crimes. Instead, Mr. Casey and a stranger were simply searching for Mr. Casey's dog on the trails.

18. Nevertheless, in compliance with the Defendant officers' unlawful order for Mr. Casey immediately put his hands up – Mr. Casey put up his hands. Mr. Casey then got to the ground and put his hands up in compliance with the officers second order as well. Nevertheless, Officers Vlahandreas, McAllister, Jucutan, Schmidt and Lund jumpted on Mr. Casey, then started beating and choking him. Ofc. Schmidt put Plaintiff in a chokehold in violation of the officers' training and choked him unconscious. While Mr. Casey was unconscious Ofc. McAllister screamed stop resisting to cover up his excessive force as he beat Mr. Casey's unconscious and motionless body with a baton.

19. As a result of the incident, Mr. Casey sustained severe bruising, concussion and lacerations as well as intense emotional distress.

## DAMAGES

20. As a proximate result of Defendants' conduct, Plaintiff suffered assault, battery, false arrest and excessive force. As a further proximate result of Defendant Does' conduct, Plaintiff suffered extreme physical injury, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

21. The conduct of the Defendant Does were malicious, wanton, and oppressive. Plaintiff is therefore entitled to and award of punitive damages against said Defendant Does.

# CAUSES OF ACTION

### SECOND CAUSE OF ACTION
**(Fourth Amendment – Unlawful Detention/Arrest under 42 U.S.C. Section 1983)**
*(Against Vlahandreas, McAllister, Jucutan, Schmidt and Lund DOES 1-25)*

22. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

23. When the Defendant officers attacked and beat Plaintiff Casey without reasonable suspicion, probable cause, justification or threat, the officers used unreasonable force depriving Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution. Moreover, Plaintiff was complying with Officers unlawful orders at the time and none of his behavior warranted violence, force or arrest.  Officers simply attacked Mr. Casey who was looking for his lost dog. The Defendant Officers did not have a lawful basis to use force in order to detain and/or arrest Plaintiff, which violated their training and Plaintiff's constitutional rights under the Fourth Amendment.

24. As a result of his misconduct, the Defendant officers are liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Against Vlahandreas, McAllister, Jucutan, Schmidt and Lund DOES 1-25)*

25. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

26. When the Defendant officers attacked and beat Plaintiff Casey without reason, justification or threat, the officers used unreasonable force depriving Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution. Moreover, Plaintiff Casey was complying with Officers orders at the time and none of his behavior warranted violence or force.  Mr. Casey did not pose any threat or use any force against the Defendant Officers. The

the Defendant Officers did not have a lawful basis to use force against Plaintiff, which violated their training and Plaintiff's constitutional rights under the Fourth Amendment.

27. As a result of his misconduct, the Defendant officers are liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(Against Defendant CITY OF SANTA ROSA and DOES 26-50)*

28. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1-26 of this complaint.

29. Plaintiff is informed and believes and thereon alleges that high ranking CITY OF SANTA ROSA officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them.

30. Mr. Robert is a small statured man who was merely looking for his lost dog when Defendant Officers held him at gunpoint and attacked him from behind without a legal basis. Furthermore, the officers used an impermissible technique of choking Mr. Robert unconscious. Even after he was unconscious, Defendant officers beat Mr. Robert with a baton in public. The brazen and jointly conducted acts of these officers indicate that they have a history of performing these excessive force acts. Furthermore, this incident is only the latest in a collection and trend of excessive force incidents committed by Santa Rosa officers who are not facing any punishment as a result of their dangerous and unjustifiable actions. For example,

   a. In 2013, Santa Rosa Police Officer Chang set his K-9 unit to attack a man that merely walked out of his house to retrieve a pack of cigarettes from his car.[1]

---

[1] "Santa Rosa police on trial in mistaken K-9 attack" https://www.pressdemocrat.com/news/5222123-181/santa-rosa-police-on-trial

    b. In 2013, a Santa Rosa Police Officer shot and killed a teenage boy who was merely playing with a toy gun without warning. [2]

    c. In 2017, Santa Rosa police officers used excessive force when they shot and killed a man that was hiding beneath a mattress.[3]

    d. In 2014, several Santa Rosa Police officers severely beat and falsely arrested a disabled military causing him injuries including a concussion. USDC – Northern District Case No: 3:15-cv-01182

    3`.     Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants, and DOES 25-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. This is confirmed by the fact that recent scrutiny into the Santa Rosa Police Department's tactics, these officers felt comfortable choking and beating someone in public without fear of discipline from their superiors.

    32.     Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

    33.     As against Defendant CITY OF SANTA ROSA, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SANTA ROSA, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF SANTA ROSA

---

[2] https://www.pressdemocrat.com/news/8420661-181/supreme-court-asked-to-shield

[3] "Suit Against SANTA ROSA Claims Inmates Were Exposed To Human Waste"

https://sanfrancisco.cbslocal.com/2018/07/30/suit-against-san-francisco-claims-inmates-were-exposed-to-human-waste/

POLICE DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

34. Plaintiff is informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SANTA ROSA, and each of them, to repeated acts of misconduct, which were tacitly authorized, encouraged or condoned by the Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SANTA ROSA, and each of them.

35. The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SANTA ROSA, and each of them.

36. Plaintiff is informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SANTA ROSA.

37. Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SANTA ROSA, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants, and DOES 1-50, and/or each of them.

38. The aforementioned customs, policies or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SANTA ROSA, and each of them, resulted in the deprivation of Plaintiff's constitutional rights.

39. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF SANTA ROSA officials, including high ranking SANTA ROSA

POLICE DEPARTMENT supervisors, Defendants, and DOES 1-50, and each of them, and the aforementioned customs, policies or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SANTA ROSA resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

  a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

  b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution;

  c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution.

36. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (Battery – Violation of CALIFORNIA PENAL CODE § 242)
*(Against Vlahandreas, McAllister, Jucutan, Schmidt and Lund DOES 1-25)*

40. Plaintiff re-alleges and incorporates by reference each and every paragraph of this complaint.

41. Defendant officers, while working as officers for the CITY OF SANTA ROSA, and acting within the course an scope of their duties, intentionally beat Plaintiff without a lawful basis.

42. As a result of the actions of these the Defendant Officers, Plaintiff suffered physical injuries. Defendant Officers did not have legal justification for using force against Plaintiff, and Defendant's use of force while carrying out their deputy duties was an unreasonable use of force.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Negligence)
*(Against Vlahandreas, McAllister, Jucutan, Schmidt, Lund and DOES 1-25)*

43. Plaintiff hereby re-alleges and incorporates by reference each and every

paragraph of this Complaint.

44. At all times, Defendants owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

45. At all times, Defendants owed Plaintiff the duty to act with reasonable care.

46. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

    a. to refrain from using excessive and/or unreasonable force against Plaintiff;

    b. to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

    c. to refrain from abusing their authority granted them by law;

    d. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

47. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

48. Defendant CITY OF SANTA ROSA is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

49. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

**SIXTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Against Vlahandreas, McAllister, Jucutan, Schmidt, Lund and DOES 1-25)*

50. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

51. Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

52. By their conduct described herein, Defendant Paul and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a. Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

   b. Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

53. Excessive force which violates the Fourth Amendment, also violates the Bane Act.[4] Defendants' use of unlawful force against Plaintiff J.M., in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

54. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[5] All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

55. Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

---

[4] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

[5] *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

    a. Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

    b. Using deliberately reckless and provocative tactics to choke Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

    c. Defendant yet-to-be-identified Officers. beating Plaintiff in the absence of any threat or need for such force;

    d. Threatening violence against Plaintiff., with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

    e. Using excessive, unreasonable and unjustified force against Plaintiff while he attempted to comply with the officers;

    f. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

    g. Violating multiple rights of Plaintiff;

56. Defendant CITY OF SANTA ROSA is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

57. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendant Deputy Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

**SIXTH CAUSE OF ACTION**
**(False Arrest)**
*(Against Vlahandreas, McAllister, Jucutan, Schmidt, Lund and DOES 1-25)*

58. Plaintiff re-alleges and incorporates by reference each and every paragraph of this complaint.

59. Defendant officers, while working as officers for the CITY OF SANTA ROSA, and acting within the course an scope of their duties, intentionally attacked and beat Plaintiff

without any reasonable suspicion and/or probable cause.

60. As a result of the actions of these the Officers, Plaintiff suffered physical injuries. Defendant Officers did not have legal justification for using force, arresting and/or detaining.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### (False Imprisonment)
*(Against Vlahandreas, McAllister, Jucutan, Schmidt, Lund and DOES 1-25)*

61. Plaintiff re-alleges and incorporates by reference each and every paragraph of this complaint.

62. Defendant officers, while working as officers for the CITY OF SANTA ROSA, and acting within the course an scope of their duties, intentionally attacked and beat Plaintiff without any reasonable suspicion and/or probable cause.

63. As a result of the actions of these the Defendant officers, Plaintiff suffered physical injuries. Defendant Officers did not have legal justification for using force, arresting and/or detaining, and/or holding Plaintiff for any amount of time against his will.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

64. Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages against Vlahandreas, McAllister, Jucutan, Schmidt, Lund and DOES 1-25 in a sum according to proof;

4. For injunctive and declaratory relief, including but not limited to:

    i. An order requiring Defendant CITY SANTA ROSA to institute and enforce appropriate and lawful policies and procedures for operating body cameras including not covering body cameras up;

    ii. An order requiring Defendant CITY SANTA ROSA to institute and enforce appropriate and lawful policies and procedures for detaining and arresting individuals;

    iii. an order prohibiting Defendant CITY OF SANTA ROSA from engaging in the unconstitutional customs, policies, practices, procedures, training and supervision as may be determined and/or adjudged by this case;

    iv. an order requiring Defendant CITY SANTA ROSA to institute and enforce appropriate and lawful policies and procedures for reporting a use of force and documenting the use of force;

    v. an order prohibiting Defendant CITY SANTA ROSA and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

    vi. an order requiring Defendant CITY SANTA ROSA train all law enforcement officers concerning generally accepted and proper tactics and procedures and this Court's orders concerning the issues raised in injunctive relief requests ii-v, above

5. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988; Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated:  February 21, 2019                          **Law Offices of John L. Burris**

                                                                                                      /s/  Patrick Buelna
                                                                                     Patrick Buelna
                                                                                     Attorney for Plaintiff