UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT CASEY,

          Plaintiff,

   v.

CITY OF SANTA ROSA, et al.,

          Defendants.

Case No. 4:18-cv-07731-KAW

**ORDER GRANTING IN PART AND DENYING IN PART THE COUNTY DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 24

On January 18, 2019, Defendants Greg Schmidt and the County of Sonoma filed a motion to dismiss Plaintiff's second amended complaint.

On June 20, 2019, the Court held a hearing, and, after careful consideration of the parties' arguments and the applicable legal authority, for the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART the motion to dismiss with leave to amend.

## I.    BACKGROUND

On June 1, 2018, Plaintiff Robert Casey was detained and arrested in Santa Rosa, California. (Second Am. Compl., "SAC," Dkt No. 19 ¶16.)  Plaintiff alleges that he was searching for his runaway dog with the help of a stranger along a trail when Defendant officers from the Santa Rosa Police Department and Defendant Sonoma County Probation Officer Greg Schmidt responded.  (SAC ¶16.)  Defendant Schmidt held Plaintiff at gun point, despite the fact that the officers did not have a reasonable belief that Casey was in the process of, had committed, or intended to commit a crime.  (SAC ¶17.)  Plaintiff was put into a chokehold by Schmidt after complying with officers to get on the ground and put his hands up.  (SAC ¶18.)  As a result, Plaintiff sustained severe bruising, a concussion and lacerations, as well as emotional distress. (SAC ¶19.)

On December 26, 2018, Plaintiff filed the instant lawsuit. On April 4, 2019 Plaintiff filed a second amended complaint alleging state law claims of battery, negligence, violation of the Bane Act (Cal. Civ. Code § 52.1), false arrest, and false imprisonment against Schmidt, as well as a *Monell* claim alleging municipal liability, pursuant to 42 U.S.C. § 1983, against the County of Sonoma.

On May 13, 2019, Defendants Schmidt and the County of Sonoma filed a motion to dismiss. (Defs. Mot., Dkt. No. 24.)  On May 28, 2019, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 30.)  On June 4, 2019, Defendants filed a reply. (Defs.' Reply, Dkt. No. 31.)

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted.  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th

United States District Court
Northern District of California

Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . .  When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Under Federal Rule of Procedure 12(b)(5), a party may file a motion to dismiss based on the failure to properly effect service of the summons and the complaint pursuant to Rule 4.

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### B.    Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).  A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993).  "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The court need not accept as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

//

### III.     DISCUSSION

**A.     Request for Judicial Notice**

As a preliminary matter, Defendants ask that the Court take judicial notice of one document in support of their motion to dismiss. (Defs.' Req. for Judicial Not., "RJN," Dkt. No. 24-1.)  The document is a purportedly true and correct copy of Plaintiff's Request for Late Filing of his government tort claim, dated April 10, 2019 and stamped received by Sonoma County on April 15, 2019. (RJN at 3, Ex. A.)

Plaintiff does not oppose the request for judicial notice. The exhibit is a true and correct copy of an official public record, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

Accordingly, the Court GRANTS Defendants' request for judicial notice.

**B.     Motion to Dismiss**

Defendants move to dismiss (1) all claims against Defendant Schmidt for failure to properly effect service as required by Federal Rule of Civil Procedure 4; (2) the fourth through seventh causes of action against Schmidt and the County on the grounds that Plaintiff failed to exhaust his administrative remedies under the California Tort Claims Act, and (3) the third cause of action against the County for failure to allege sufficient facts to state a *Monell* claim. Defendants also move to dismiss the prayer for injunctive and declaratory relief.

> **i.     Whether service on Defendant Schmidt comported with Federal Rule of Civil Procedure 4**

Defendants move to dismiss all causes of action against Defendant Schmidt on the grounds that service was defective under Rule 4.  A federal court may not exercise personal jurisdiction over a defendant unless the defendant has been served in accordance with Rule 4. *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986) (citing *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982)).

On June 20, 2019, the parties filed a stipulation, wherein Defendant Schmidt's counsel accepted service on his behalf on May 29, 2019, and Plaintiff agreed to withdraw the previously

1    executed summons and to have the Court strike the executed summons (Dkt. No. 23) as it pertains

2    to Schmidt. (Dkt. No. 32 at 2.)  In return, Defendants agreed to withdraw their challenge to the

3    sufficiency of personal service in the instant motion. *Id.*

4         Accordingly, this challenge has been resolved, and need not be addressed on the merits.

5         **ii.    Plaintiff is currently barred from pursuing state law claims against the
           County Defendants because he failed to comply with the California Tort
6          Claims Act.**

7         Plaintiff's fourth through seventh[1] cause of action allege violations of state law and

8    common law. (SAC ¶¶ 40-63.)  Under the California Tort Claims Act, a suit for money or

9    damages cannot be brought against a public entity "until a written claim therefor has been

10   presented to the public entity and has been acted upon by the board, or has been deemed to have

11   been rejected by the board . . . ." Cal. Gov. Code § 945.4.  "A claim relating to a cause of action

12   for . . . injury to person . . . shall be presented . . . not later than six months after the accrual of the

13   cause of action." Cal. Gov. Code § 911.2 (a).  This applies only to the causes of action brought

14   under state law, including the common law claims; there is no presentation requirement for claims

15   brought under 42 U.S.C. § 1983.

16        Notwithstanding, a claim may be presented after the six-month period has run by "written

17   application . . . to the public entity for leave to present that claim."  Cal. Gov. Code § 911.4(a).

18   The application shall be presented to the public entity "within a reasonable time not to exceed one

19   year after the accrual of the cause of action and shall state the reason for the delay in presenting

20   the claim." Cal. Gov. Code § 911.4(b).  Here, Plaintiff presented the claim on April 10, 2019,

21   which was less than one year after the incident.  (*See* RJN at 2, Ex. A.)

22        The board shall grant or deny the application within 45 days after it is presented to the

23   board.  Gov. Code § 911.6(a).  The board shall grant the application if "the failure to present the

24   claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was

25   not prejudiced in its defense of the claim by the failure to present the claim within the time

26   specified in Section 911.2." Cal. Gov. Code § 911.6(b)(1).  Excusable neglect is defined as "that

27

28   _____

[1] Plaintiff actually has two "sixth" causes of action, both of which are state law claims. He shall
correctly renumber them in the forthcoming third amended complaint.

5

neglect which might have been the act of a reasonably prudent person under the same circumstances." *Torbitt v. Cal,* 161 Cal. App. 3d 860, 866 (1984) (citing *Alderman v. Jacobs,* 128 Cal. App. 2d 273, 276 (1954)).

Here, it is not disputed that Plaintiff failed to file his administrative claim against Sonoma County within six months as required by Section 911.2. Plaintiff argues that this delay is excusable neglect under Section 911.6, because he reasonably mistook Defendant Schmidt to be a Santa Rosa Police Officer, rather than a Sonoma County Probation Officer. (Pls. Opp'n at 5). Specifically, Plaintiff contends that he was unaware that Defendant Schmidt was a probation officer because he was on the scene with members of the Santa Rosa Police Department and Schmidt was referred to as an "officer" in the police reports. (*Id.;* RJN, Ex. A at 2.) In fact, Plaintiff claims to have only discovered Schmidt's correct place of employment through this litigation and would only be able to make the claim against Sonoma County after that discovery. (RJN, Ex. A. at 2.) Since this misinformation was the sole reason for not timely filing the claim, Plaintiff's late claim is likely reasonable under the circumstances, and would presumably be excused under Section 911.6.

If an application has been denied under Section 911.6, a petition for relief may be made to the proper court. Cal. Gov. Code § 946.6. Generally, the district court only has jurisdiction to consider if a claimant has complied with the California Tort Claims Act. The question presented by Section 946.6, however, is "whether a claimant should be *relieved* of his obligations under the [Act] and, because it is separate from the merits, it is not properly within a federal court's subject matter jurisdiction." *Ovando v. City of Los Angeles,* 92 F. Supp. 2d 1011, 1022 (C.D. Cal. 2000) (emphasis added). Prior to the 2002 amendments, Section 946.6 stated that the "proper court for filing the petition is a *court* which would be a competent court for the trial of an action. . . ." Cal. Gov. Code § 946.6(a) (2001) (emphasis added). Now, the language specifies the superior court as the proper forum for filing the petition. If the petition is not filed in the proper forum, the court shall transfer the proceeding to a proper court. Cal. Gov. Code § 946.6.

The superior court shall relieve the petitioner of the requirements of Section 945.4 if the application was made within a reasonable time, not to exceed one year after the accrual of the

cause of action, and was later denied by the board, so long as the "[t]he failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section 945.4." Cal. Gov't Code § 946.6(c)(1).  The petition must be filed within six months after it is deemed to be denied under Section 911.6.  Cal. Gov. Code § 946.6.  "The court shall make an independent determination upon the petition. The determination shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition." *Id.*

On May 23, 2019, Plaintiff's Request for Late Claim Filing was denied by the County of Sonoma. (Defs.' Reply at 4).  As a result, Plaintiff is required to file a civil petition with the Superior Court of Sonoma County to obtain relief from Section 945.4 within six months of that date. Cal. Gov. Code § 946.6.

In light of the foregoing, Plaintiff must file a petition with the Superior Court of Sonoma County requesting that he be relieved from his failure to timely file a claim under Section 945.4 before his state law claims against the County Defendants may proceed. In the interim, the fourth through seventh causes of action are dismissed without prejudice.  Plaintiff may seek leave to amend to include the County Defendants should his petition be granted.

### iii.    *Monell* claim

Defendants move to dismiss the *Monell* claim against the County on the grounds that Plaintiff does not plead sufficient facts to state a claim. (Defs.' Mot. at 7.) A municipality or governmental entity cannot be found liable under 42 U.S.C. § 1983 on a theory of respondeat superior. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691 (1978).  Rather, in order to hold a municipality liable for a municipal employee's conduct under *Monell*, a plaintiff must show that (1) that the plaintiff "possessed a constitutional right of which [he or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and, (4) that the policy is the moving force behind the constitutional violation."  *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks omitted).  "Only where a municipality's failure to

train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

Defendants argue that the operative complaint merely concludes that vague, general policies of failing to supervise and discipline, failing to train, tolerating unlawful searches and seizures and excessive force, improper investigations and review of complaints caused Plaintiff's alleged injuries. (Defs.' Mot. at 8.)

In opposition, Plaintiff argues that he has sufficiently pled facts that the County "permitted [its] employees to attack vulnerable teenagers who offered no threat and Defendant County never re-trained and/or disciplined those employees." (Pl.'s Opp'n at 7.) Plaintiff then argues that the instant case is evidence that the Probation Department permits these attacks, because Schmidt has never been disciplined or retrained. *Id.* This is not sufficient to plead a *Monell* claim, because "[a] plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) (citing *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24 (1985) (plurality opinion)). Further, allegations that the County's subsequent failure to discipline or re-train is not sufficient to show that a policy was the driving force behind the incident that is the subject of this case. Rather, he must identify the deficiency in a training program, which must be closely related to the ultimate injury sustained. *City of Canton,* 489 U.S. at 390–91. Plaintiff has not done so.

Instead, Plaintiff's operative complaint cites to two incidents involving the Sonoma County Sheriff's Department. (SAC ¶¶ 30e-f.) Defendant argues that one case resulted in a defense judgment and the other was settled without a finding of liability. (Defs.' Reply at 6.) The existence of recent lawsuits is insufficient to show that there is a custom, policy or practice that resulted in a deprivation of Plaintiff's rights. *See Turano v. Cty. of Alameda*, 2018 WL 3054853, at *10 (N.D. Cal. June 20, 2018) (existence of earlier lawsuit showed, at best, that the county was on notice of potential violations).

Accordingly, the operative complaint fails to state sufficient facts to allege a plausible

8

*Monell* claim, and the third cause of action is dismissed with leave to amend.

### iv.    Plaintiff's prayer for declaratory and injunctive relief

Finally, Defendants move to dismiss the prayer for injunctive and declaratory relief.

(Defs.' Mot. at 9.) Plaintiff's prayer for relief seeks

> "injunctive and declaratory relief" (1) Requiring the COUNTY "to institute and enforce appropriate and lawful policies and procedures" (SAC, Prayer ¶¶ 4i, 4ii, 4iv); (2) Prohibiting the COUNTY "from engaging in unconstitutional customs, policies, practices, procedures, training and supervision" or "engaging in the code of silence" (SAC, Prayer ¶¶ 4iii, 4v); and (3) Requiring the COUNTY to train all law enforcement officers concerning generally accepted and proper tactics and procedures" (SAC, Prayer ¶ 4vi).

*Id.* Defendants argue that Plaintiff has failed to allege any facts that the County's policies and procedures are unlawful, and that Plaintiff fails to allege any facts to demonstrate that he has standing to seek equitable relief. *Id.*

### a.    A motion to dismiss is not the proper vehicle under the federal rules.

While perhaps true, Plaintiff does not plead individual causes of action for injunctive or declaratory relief, and a motion to dismiss pursuant to Rule 12(b)(6) is not the proper vehicle for challenging a prayer for relief.  Instead, Defendants' challenge to the prayer for injunctive and declaratory relief would be properly brought as a motion to strike under Rule 12(f).  Rule 12(f) permits a court to "strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation marks, citation omitted).

That said, granting motions to strike are generally disfavored. "If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits." *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271 (N.D. Cal. 2015) (citations omitted).

### b.    The merits

In an effort to avoid future motion practice, the Court will briefly address the arguments pertaining to the prayer for relief.  Defendants argue that Plaintiff fails to show a likelihood of

injury to warrant injunctive relief, in part, because he fails to adequately allege a *Monell* claim. (Defs.' Mot. at 10; Defs.' Reply at 6.[2]) In opposition, Plaintiff argues that his allegation that the County has a custom permitting excessive force that give rise to a *Monell* claim warrants injunctive relief. (Pl.'s Opp'n at 7.) To the contrary, Plaintiff's "standing to seek the injunction requested depend[s] on whether he was likely to suffer future injury" from the same type of excessive force by law enforcement. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). In *Lyons*, the fact that the plaintiff may have been illegally choked by police did "nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part." *Id.* at 105. Similarly, here, Plaintiff does not identify any real and immediate threat. He, therefore, fails to demonstrate an actual case or controversy that would justify injunctive relief.

Defendants contend that declaratory relief is also inappropriate, because it seeks to redress past wrongs rather than prospective ones. (Defs.' Mot. at 10.) Plaintiff does not address this argument, and therefore would have waived his opposition thereto. Notwithstanding, pursuant to 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Declaratory relief may be unnecessary when an adequate remedy exists in another cause of action. *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009). "[A] critical question is whether the declaratory relief 'will serve a useful purpose in clarifying and settling the legal relations in issue.'" *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 889 (N.D. Cal. 2018) (quoting *McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 342 (9th Cir. 1966)). Here, other than using the term

---

[2] At the hearing, Defendants cited to *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29 (2010), for the proposition that if the *Monell* claim failed, the prayer for relief should be dismissed pursuant to Rule 12(b)(6). This reliance is misplaced. *Humphries* only applies *Monell*'s holding "to § 1983 **claims** against municipalities for prospective relief as well as to claims for damages." 562 U.S. at 34 (emphasis added). *Humphries* concerned an order granting summary judgment on specific claims for prospective relief. *Id.* at 32. Since this involved actual claims, it does not stand for the proposition that a motion to dismiss under Rule 12(b)(6) is the proper vehicle to remove a prayer for relief. *See id.* at 34.

"declaratory" in his prayer, Plaintiff does not seek actual declaratory relief. Instead, he seeks orders requiring certain practices and prohibiting others, which are generally addressed by the other causes of action, and could be considered duplicative.

Accordingly, the Court denies the motion to dismiss Plaintiff's prayer for injunctive and declaratory relief on the grounds that the prayer is not subject to dismissal under Rule 12(b)(6). Nevertheless, Plaintiff should be mindful of the Court's observations regarding the viability of his prayers for relief.

## IV.    CONCLUSION

In light of the foregoing, Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART. Specifically, the third cause of action is dismissed without prejudice as to the County only. Plaintiff should not amend this cause of action if he cannot, in good faith, plead facts to show that there was a custom, policy or practice by the County to support his *Monell* claim.

Plaintiff's fourth through seventh causes of action against the County Defendants are dismissed without prejudice. Plaintiff may seek leave to amend to add the County Defendants should his petition for relief from the claim filing requirements be granted.

The motion, insofar as it seeks the dismissal of the complaint's prayer for injunctive and declaratory relief is denied.

Plaintiff shall file a third amended complaint within 21 days of this order, which shall, at a minimum, properly number his eight causes of action.

IT IS SO ORDERED.

Dated: June 20, 2019

_Kandis Westmore_

KANDIS A. WESTMORE
United States Magistrate Judge