UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CASEY,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA, et al.,<br><br>    Defendants. | Case No. 4:18-cv-07731-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTY OF SONOMA AND GREG SCHMIDT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 39 |

On July 24, 2019, Defendants Greg Schmidt and the County of Sonoma filed a motion to dismiss Plaintiff's third amended complaint.

On September 5, 2019, the Court held a hearing, and, after careful consideration of the parties' arguments and the applicable legal authority, for the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART the motion to dismiss.

## I. BACKGROUND

On June 1, 2018, Plaintiff Robert Casey was detained and arrested in Santa Rosa, California. (Third Am. Compl., "TAC," Dkt No. 37 ¶ 16.) Plaintiff alleges that he was searching for his runaway dog with the help of a stranger along a trail when Defendant officers from the Santa Rosa Police Department and Defendant Sonoma County Probation Officer Greg Schmidt responded. (TAC ¶ 16.) Defendant Schmidt held Plaintiff at gun point, despite the fact that the officers did not have a reasonable belief that Casey was in the process of, had committed, or intended to commit a crime. (TAC ¶ 17.) Plaintiff was put into a chokehold by Schmidt after complying with officers to get on the ground and put his hands up. (TAC ¶ 19.) Schmidt choked Plaintiff until he was unconscious. *Id.* As a result, Plaintiff sustained severe bruising, a concussion and lacerations, as well as emotional distress. (TAC ¶ 24.) Schmidt's described his

1    sworn statement that the use of the chokehold as a technique was consistent with his training and
2    appropriate to administer in these circumstances. (TAC ¶ 30.) As a result of this incident, Plaintiff
3    was charged with resisting arrest. (TAC ¶ 3.)

4    On December 26, 2018, Plaintiff filed the instant lawsuit. On June 20, 2019, the Court
5    granted in part and denied in part the County Defendants' motion to dismiss the second amended
6    complaint and granted leave to amend the *Monell* claim. (6/20/19 Order, Dkt. No. 34.) On July
7    10, 2019 Plaintiff filed a third amended complaint alleging a state law claim of false imprisonment
8    and a malicious prosecution claim, pursuant to 42 U.S.C. § 1983, against Schmidt, as well as a
9    *Monell* claim alleging municipal liability, pursuant to § 1983, against the County of Sonoma.

10   On July 24, 2019, Defendants Schmidt and the County of Sonoma filed a motion to
11   dismiss. (Defs.' Mot., Dkt. No. 39.) On August 7, 2019, Plaintiff filed an opposition. (Pl.'s
12   Opp'n, Dkt. No. 43.) On August 14, 2019, Defendants filed a reply. (Defs.' Reply, Dkt. No. 44.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Under Federal Rule of Procedure 12(b)(5), a party may file a motion to dismiss based on the failure to properly effect service of the summons and the complaint pursuant to Rule 4.

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

The County Defendants move to dismiss the third, fourth, and eighth causes of action. (Defs.' Mot. at 2.)

#### A. Plaintiff remains barred from alleging false imprisonment claim against the County.

Plaintiff's eighth cause of action is for false imprisonment. (TAC ¶¶ 61-63.) In the prior order, the Court found that Plaintiff failed to comply with the California Tort Claims Act prior to filing this lawsuit and must first "be relieved from his failure to timely file a claim under Section 945.4 before his state law claims against the County Defendants may proceed." (6/20/19 Order at 7.) Plaintiff concedes that naming the County Defendants in the eighth cause of action was inadvertent and that the cause of action is subject to dismissal. (Pl.'s Opp'n at 8.)

Accordingly, the eighth cause of action is dismissed without prejudice at to the County Defendants.

**B.** *Monell* **claim**

Defendants move to dismiss the *Monell* claim against the County on the grounds that Plaintiff still does not plead sufficient facts to state a claim. (Defs.' Mot. at 6.) A municipality or governmental entity cannot be found liable under 42 U.S.C. § 1983 on a theory of respondeat superior. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691 (1978). Rather, in order to hold a municipality liable for a municipal employee's conduct under *Monell*, a plaintiff must show that (1) that the plaintiff "possessed a constitutional right of which [he or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and, (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks omitted). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

Defendants argue that the third amended complaint continues to rely on unrelated and unsubstantiated prior lawsuits against the Sonoma County Sheriff's Office to allege a pattern and practice. (Defs.' Mot. at 7.) Indeed, Plaintiff continues to list cases that the Court previously found insufficient to support a *Monell* claim. (6/20/19 Order at 7-8.)

Notwithstanding, Plaintiff's operative complaint alleges that Schmidt's sworn statement regarding the incident described the chokehold as "a technique consistent with his training and appropriate to apply in these circumstances…." (TAC ¶ 30.) Defendants, however, argue that this is insufficient, because the allegations relate to the underlying incident rather than "any actual policy or custom in the Sonoma County Probation Department involving application of a carotid hold beyond the occurrence of the subject incident." (Defs.' Mot. at 8.) The Court disagrees.

Generally, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823–24 (1985). While "a single incident

4

is ultimately insufficient to establish liability, a plaintiff can survive a motion to dismiss by stating a plausible *Monell* claim based on failure to train, so long as the allegations apply to all individuals that are trained using the policy at issue." *Anakin v. Contra Costa Reg'l Med. Ctr.*, No. 16-CV-00161-MEJ, 2016 WL 2893257, at *6 (N.D. Cal. May 18, 2016) (citing *Dasovich v. Contra Costa Cty. Sheriff Dep't*, No. 14-CV-00258-MEJ, 2014 WL 4652118, at *5 (N.D. Cal. Sept. 17, 2014)). Here, Plaintiff alleges that the chokehold is being used by County law enforcement, and is part of their training, despite being banned by other law enforcement agencies due to the dangers in applying the technique. (TAC ¶¶ 30-38.) The allegation that the use of the technique is not limited to Schmidt is sufficient to survive a motion to dismiss, and permit Plaintiff the opportunity to obtain evidence through the discovery process to support his allegations.

Accordingly, the third amended complaint states sufficient facts to allege a plausible *Monell* claim, and the motion to dismiss the third cause of action is denied.

### C. Malicious Prosecution Claim

Plaintiff's fourth cause of action is for malicious prosecution. (TAC ¶¶ 40-42.) Specifically, Plaintiff alleges that the defendant officers, including Schmidt, "intentionally submitted false information to prosecute Plaintiff on criminal resisting charges." (TAC ¶ 41.)

To prevail on a malicious prosecution claim, Plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)).

Defendants move to dismiss on the grounds that he fails to allege sufficient facts to show that the prosecution was initiated with malice, without probable cause, and for the purpose of denying him a specific constitutional right. (Defs.' Mot. at 10.) In opposition, Plaintiff argues that the defendants "submitted false sworn statements that fabricated Plaintiff's actions of resistance in complete contradiction of the video evidence in order to have him prosecuted." (Pl.'s Opp'n at 7.) Further, he argues that the malice is "evidenced by their decision not to collect exonerating evidence from the eyewitness in the form of a cell phone video." *Id.*

Additionally, Defendants argue that the criminal case against Plaintiff's remains pending, such that Plaintiff cannot satisfy the requirement that the prior proceeding was favorably terminated. (Defs.' Mot. at 10.) Indeed, in order to prevail on a malicious prosecution claim, the plaintiff must also establish that the prior proceeding terminated in his favor. *Awabdy*, 368 F.3d at 1068. Here, Plaintiff concedes that his case is still pending, and asks that, to the extent that the charges are still pending, that the claim be dismissed without prejudice. (Pl.'s Opp'n at 7-8.)

In reply, Defendants informed the Court that a preliminary hearing was scheduled for August 26, 2019. (Defs.' Reply at 8.) "[A] decision … to hold a defendant to answer after a preliminary hearing constitutes *prima facie*—but not *conclusive*—evidence of probable cause." *Awabdy*, 368 F.3d at 1067 (citations omitted)(emphasis in original). At the hearing, Plaintiff confirmed that the preliminary hearing was continued to October 1, 2019, such that his criminal proceeding remains pending.

Accordingly, the fourth cause of action is dismissed without prejudice. Plaintiff may seek leave to amend to allege a malicious prosecution claim should the criminal proceeding be terminated in his favor.

## IV. CONCLUSION

In light of the foregoing, Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART. Specifically, the motion to dismiss the *Monell* claim is denied. The fourth cause of action for malicious prosecution is dismissed without prejudice as to all defendants, because the criminal charges are still pending. Plaintiff may seek leave to amend to include a claim for malicious prosecution should the criminal case terminate in his favor. The eighth cause of action against the County Defendants is again dismissed without prejudice. Plaintiff may seek leave to amend the eight cause of action to add the County Defendants should his petition for relief from the claim filing requirements be granted.

The County Defendants shall file an answer within 21 days of this order.

IT IS SO ORDERED.

Dated: September 12, 2019

KANDIS A. WESTMORE
United States Magistrate Judge

6